IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REGINALD CHANDLER,

    Petitioner,

vs.                                                    Case No. 4:10cv503-MP/CAS

ERIC HOLDER, et al.,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2241 PETITION

Petitioner Reginald Chandler has filed a petition for writ of habeas corpus in this Court, challenging his conviction and sentence out of this district, in Case No. 4:06cr22-RH/WCS.  Doc. 1.  This Court directed Petitioner to show cause as to whether he wished to proceed pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255.  Doc. 5.  Petitioner filed a response asserting that § 2255 is inadequate and ineffective, and he wished to proceed under § 2241 and the savings clause.  Doc. 7.  Petitioner is incarcerated at the Federal Correctional Institution in Miami, Florida.  Doc. 1.

Jurisdiction for a § 2241 petition lies only in the district of confinement, in this case the Southern District of Florida.  See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); Garcia v. Warden, 470 F. App'x 735 (11th Cir. 2012).  Accordingly, this Court

does not have jurisdiction to address the merits of the § 2241 petition.  See Garcia, 470 F. App'x at 735.

It is therefore respectfully **RECOMMENDED** that the case file be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 22, 2012.

  S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**